# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE DORSEY CANTRELL,<br><br>　　　　　　　　　　　Petitioner,<br><br>　　v.<br><br>L.E. SCRIBNER, Warden,<br><br>　　　　　　　　　　　Respondent. | Civil No.　07cv0354 W (POR)<br><br>**REPORT AND RECOMMENDATION THAT PETITION FOR WRIT OF HABEAS CORPUS BE DENIED** |

Petitioner Willie Dorsey Cantrell ("Petitioner"), a state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging his custody at Calipatria State Prison. Petitioner claims that he was convicted in violation of his federal rights to procedural due process and to a trial by jury. In accordance with Local Rule 72.1(d), this Court issues the following Proposed Findings of Fact and Recommendation for Disposition. For the reasons set forth below, the Court respectfully recommends that the Petition be DENIED.

## I. Background

**A.　Petitioner's Conviction**

Under 28 U.S.C.A. § 2254, factual determinations by a state court are presumed correct unless Petitioner rebuts the presumption by clear and convincing evidence. 28 U.S.C.A. § 2254(e)(1) (2007) reads:

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to a judgment of a State court, a determination of a factual issue made by a State court shall be presumed correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

Petitioner has not attempted to rebut the factual findings made in state court as to his crime, his arrest and his conviction. The following facts, therefore, are taken from the California Court of Appeal's opinion upon Petitioner's direct appeal of his conviction. Lodgement 2.

Petitioner was married to the grandmother of eight-year-old Natasha M. On October 12, 2002, Petitioner read a book to Natasha while she sat on his lap. When Natasha's father went outside, Petitioner put his hands inside Natasha's pants. Lodgement 2 at 2.

The next day, on October 13, 2002, Petitioner was in Natasha's bedroom. "He closed the door, touched her private parts, her bottom, and kissed her 'boobies.' He pushed her down on the floor and kissed her but stopped when he heard the garage door open, signaling [her] mother's return from a trip to the store." Lodgement 2 at 2.

Natasha's mother noticed that Natasha was acting unusual and took Natasha into her bedroom. Natasha then told her what had occurred. Lodgement 2 at 3. On Monday, Natasha's mother reported what had happened to a psychologist at Natasha's school and on Wednesday she filed a report with the police.

At Petitioner's trial, a videotaped interview of Natasha - conducted by a social worker at Children's Hospital - was played for the jury. Lodgement 2 at 3. The jury also heard evidence that in 1989 Petitioner had twice molested an eight-year-old girl with whose mother he was living. Lodgement 2 at 3.

Petitioner was found guilty by a jury in San Diego Superior Court on April 28, 2004 of four counts of committing a lewd act upon a child, in violation of California Penal Code section 288(a). Lodgement 1 at 214-17. Petitioner admitted to prior convictions and was sentenced to a term of forty-three years in prison.

**B.     Petitioner's Direct Appeal**

Petitioner appealed his conviction, contending that the trial court improperly excluded expert opinion on the unreliability of child testimony, improperly admitted the evidence of prior molestations, improperly instructed the jury on propensity evidence, and sentenced Petitioner in violation of the United States Supreme Court's decision in Blakely v. Washington (2002). Lodgment 2 at 1-2. The California Court of Appeal for the Fourth Appellate District, Division One,

in an unpublished opinion dated September 9, 2005, affirmed Petitioner's conviction, holding that there was no error in the trial court's exclusion of expert testimony to rebut Natasha's videotaped interview, that the trial court properly allowed the evidence of Petitioner's prior acts of molestation, and that Petitioner's sentence was imposed based upon facts found by the jury.  Lodgment 2 at 4-12.

Petitioner sought a rehearing from the Court of Appeal to correct alleged factual omissions and mischaracterizations relied upon in rejecting Petitioner's claim that the trial court improperly excluded his proposed expert testimony.  Lodgement 3.  On October 6, 2005, the Court of Appeal denied the petition for rehearing.  Lodgement 4.

Petitioner next sought review in the California Supreme Court.  Lodgement 5.  His petition sought review of the Court of Appeal's decision regarding the exclusion at trial of Petitioner's proposed expert on the suggestibility of children's testimony, the trial court's admission of evidence of prior acts, and the propriety of Petitioner's sentence in light of Blakely v. Washington.  Id.  The petition for review was denied by the California Supreme Court on November 30, 2005.  Lodgement 6.

### C. Petition for Federal Habeas Corpus Relief

The instant petition for a federal writ of habeas corpus was filed with this Court on February 22, 2007, and is Document Number 1 on the civil docket.  Dkt. No. 1.  The petition seeks relief on the grounds that: (1) Petitioner's federal right to due process was violated when the trial court did not allow him to present expert opinion testimony of the unreliability of children's testimony, (2) Petitioner was convicted in violation of his federal right to due process when propensity evidence was presented to the jury, and (3) Petitioner's Sixth Amendment right to a jury was violated at sentencing when the trial court relied upon facts not found by a jury.

The Petition was dismissed on March 2, 2007 by the Honorable Thomas J. Whelan for failure to pay the required filing fee.  Dkt. No. 3.  On April 19, 2007, Petitioner paid the filing fee and the case was reopened.  Dkt. No. 4.  On August 15, 2007, an Answer to the Petition was filed by the Attorney General of the State of California.  Dkt. No. 7.  Petitioner filed a Traverse to the Answer on November 29, 2007.  Dkt. No. 11.

//

## II. Standard of Review

Title 28 U.S.C. section 2254(a), allows for federal review of "the judgment of a State court only on the ground that [a habeas petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (2008). 28 U.S.C. section 2254(d) reads:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (2008).

In addition to the limitation of federal court review to "violation[s] of the Constitution or laws or treaties of the United States," 28 U.S.C. § 2254(a), the United States Supreme Court has also instructed that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67-8 (1991).

Federal habeas review is available to assess the constitutionality of a judgment of a state court. Where there is no reasoned decision from the state's highest court to review, a federal court "looks through" the silent state court decision to the "last reasoned opinion" issued in the state's courts. Ylst v. Nunnemaker, 501 U.S. 797, 803, 805 (1991). In Petitioner's case, the California Supreme Court denied Petitioner's direct appeal without comment. Lodgement 6. Therefore, in reviewing Petitioner's claims of due process and equal protection violations, this Court looks to the reasoned opinion by the California Court of Appeal, Fourth Appellate District, Division One, dated September 9, 2005 (filed with this Court as Lodgment 2) - which denied Petitioner's direct appeal of his conviction. Ylst, 501 U.S. at 801-06.

## III. Discussion

The instant petition raises three grounds for federal habeas relief. Dkt. No. 1 at 6-8. The petition seeks relief on the grounds that: (1) Petitioner's federal right to due process was violated when the trial court did not allow him to present expert opinion testimony on the unreliability of children's testimony, (2) Petitioner was convicted in violation of his federal right to due process

when propensity evidence was presented to the jury, and (3) Petitioner's Sixth Amendment right to a jury was violated at sentencing when the trial court relied upon facts not found by a jury.

### A. Petitioner's Claim Regarding Exclusion of His Proposed Expert

Ground One of the petition claims that "the trial court abused its discretion when it refused to let [Petitioner] present expert testimony about how a child's testimony can be influenced by adults." Dkt. No. 1 at 6. Petitioner alleges a violation of his federal right to procedural due process from the trial court's exclusion of his proffered expert testimony on the suggestibility of young witnesses.

At an evidentiary hearing prior to Petitioner's trial, the court heard the testimony of Dr. Thomas Lee, as well as arguments from Petitioner's defense attorney and the prosecutor of his case. Lodgement 7 at 36-80. The court decided to exclude Dr. Lee's testimony on the theory of child suggestibility. Id. at 80. The first reason cited by the court for excluding the testimony was that Dr. Lee's research in the area was done by reading studies rather than conducting them, and that this research did not qualify him as a witness in the case. Id. The other reason, which was emphasized at the hearing as more important, was the court's finding that Dr. Lee's testimony at trial would have been overly speculative. Id. at 80-81. The expert testimony which was proffered would have presented to the jury the possibility that a child witness's videotaped interview with a social worker is unreliable because it may have already been "contaminated" by prior questioning of a parent or police. Dr. Lee's research, on the other hand, focused on research of the impact that professional interviewers could have on a child. The court found that "[t]o make the leap from a professional interview to a parent who is talking to a child, trying to find out what is wrong, is a preposterous theory." Id. at 81.

When the same claim contained in Ground One of the Petition was presented to the Fourth District's Court of Appeal, there was no error found in the trial court's exclusion of Dr. Lee's testimony. Lodgement 2 at 8. The Court of Appeal concluded that the proffered testimony was not relevant and was speculative. This conclusion was based on the Court of Appeal's consideration of the trial court's findings that Dr. Lee's proposed testimony was not supported by a proper foundation. The Court of Appeal further found that it was unnecessary for the jury to hear Dr. Lee's testimony in order to consider the credibility of the child-victim's videotaped testimony. Id.

Respondent contends that the Court of Appeal's resolution of Petitioner's claim was not contrary to, nor an unreasonable application of, Supreme Court precedent, nor did the Court of Appeal make an unreasonable determination of the facts presented. Dkt. 7-2 at 20. Respondent asserts that Petitioner may not seek federal habeas relief for any alleged violations of state evidence law. Id. At 21. According to Respondent, the Court's review of Petitioner's claim is limited to whether the decision of the Court of Appeal was so arbitrary and unfair as to constitute a violation of federal due process. Id. (citing Jammal v. Van de Kamp, 926 F.2d 918, 920 (9th Cir. 1991). Respondent further argues that because Petitioner's defense attorney did place Natasha's credibility at issue by another means, any error allegedly committed by the trial court was harmless.

Upon federal habeas review, the Ninth Circuit employs "a balancing test for determining whether the exclusion of testimony violates due process." Arredondo v. Ortiz, 365 F.3d 778, 785 (9th Cir. 2004) (quoting Alcala v. Woodford, 334 F.3d 862, 884 (9th Cir. 2003)). The balancing test which is applied was articulated by the Ninth Circuit in Miller v. Stagner, 757 F.2d 988 (9th Cir. 1985):

> In weighing the importance of evidence offered by a defendant against the state's interest in exclusion, the court should consider the probative value of the evidence on the central issue; its reliability; whether it is capable of evaluation by the trier of fact; whether it is the sole evidence on the issue or merely cumulative; and whether it constitutes a major part of the attempted defense. A court must also consider the purpose of the rule; its importance; how well the rule implements its purpose; and how well the purpose applies to the case at hand. The court must give due weight to the substantial state interest in preserving orderly trials, in judicial efficiency, and in excluding unreliable or prejudicial evidence.

Miller v. Stagner, 757 F.2d at 994-95 (citations excluded).

In Petitioner's case, the weight of those factors leads to the conclusion that the Fourth District Court of Appeal's ruling to uphold the trial court's exclusion of Dr. Lee's testimony was not contrary to federal law. The Court of Appeal considered the reasoning employed by the trial court in disallowing Lee's testimony. The Court of Appeal found that the trial court was within its discretion in deciding that there was no basis nor proper foundation for Lee's testimony, primarily because Lee knew nothing of the conversation between Natasha and her mother which preceded the videotaped interview that was presented to the jury. Lodgement 2 at 8. The Court of Appeal further deemed the proffered testimony non-probative because the evidence which was presented at trial

1  regarding the conversation between Natasha and her mother indicated that her mother had actually
2  asked open-ended questions which were of the type that Lee testified at the evidentiary hearing were
3  less likely to contaminate subsequent interviews.  Id.

4  The Court of Appeal agreed with the trial court's finding that the evidence to be presented by
5  Lee was not reliable because it was too speculative.  Id.  The Court of Appeal also upheld the trial
6  court in accordance with a practice of California courts to generally exclude psychological testimony
7  as to another witness's testimony "because jurors are generally considered to be equipped to judge
8  witness credibility without the need for expert testimony."  Id. (quoting People v. Wells, 118 Cal.
9  App. 4th 179, 189 (Cal. Ct. App. 2004).

10  In addition, the Court of Appeal considered the purpose of holding a hearing on the
11  admissibility of evidence.  The purpose of such a hearing is for the trial court to allow only evidence
12  which has a tendency to prove or disprove a disputed fact.  Lodgement 2 at 6.  The courts of
13  California only allow expert psychological testimony when the testimony will be directed at specific
14  misconceptions raised by the evidence presented.  Id. at 8.  The Court of Appeal held that there were
15  no misconceptions about Natasha's testimony at Petitioner's trial, and that no foundation was
16  otherwise laid for Lee's testimony.

17  On the direct appeal of Petitioner's conviction, the Court of Appeal for the Fourth Appellate
18  District upheld the exclusion of the evidence offered by Petitioner prior to his trial by considering
19  the probative value of the evidence, its reliability, whether it could be appropriately evaluated by the
20  trier of fact, the purpose of the general rule for excluding such evidence, and how that purpose
21  applied to the case at hand.  The Court of Appeal's ruling on Petitioner's claim that the trial court
22  improperly excluded his proffered expert testimony on child suggestibility, was not contrary to
23  clearly-established federal law.

24  **B. Petitioner's Claim Regarding Propensity Evidence**

25  Ground Two of the Petition alleges a violation of Petitioner's federal right to due process by
26  the trial court when propensity evidence was permitted to be introduced at trial.  Dkt. No. 1 at 7.

27  The prosecution of Petitioner's criminal offense included the introduction of evidence of an
28  act of sexual abuse against another child with whom Petitioner had previously lived.  The previous

1 victim testified at trial that when Petitioner lived with her and her mother in 1989, he molested her
2 on two separate occasions.  Lodgment 7 at 260-68.  The trial court admitted the testimony under
3 California Evidence Code section 1108, which allows for the use of prior sexual offenses to prove a
4 sexual offense despite the general prohibition - contained in California Evidence Code section 1101
5 - against using character evidence to prove criminal disposition.  The trial court did so after briefing
6 and oral argument by Petitioner's counsel and the prosecution.  Lodgment 7 at 82-92.  Petitioner's
7 attorney argued for exclusion of the evidence of the prior act because there was a lack of evidence as
8 to why the prior act had been reported to Petitioner's parole officer rather than police, and because
9 the 1989 act was remote in time to the present charge which Petitioner faced.  Id. at 84-89.  The
10 court assessed the probity of the evidence and was influenced by the similarity between the prior act
11 and the alleged current offenses - the children were similar in age, similar in their relationship to
12 Petitioner, and both accused Petitioner of similar touching.  Id. at 90.  The court found further that
13 the potential for undue prejudice could be mitigated by proper jury instruction and by limiting
14 testimony about the act so as not to indicate that Petitioner was under parole supervision at that time.
15 Id. at 91-92.

16       The Court of Appeal ruled that the trial court did not abuse its discretion when it admitted the
17 evidence and that the court correctly instructed the jury, relying on precedent from the California
18 Supreme Court in reaching its decision.  Lodgment 2 at 9-11.  The Court of Appeal examined the
19 trial court's determination that the evidence of the prior act was not unduly prejudicial.  Lodgment 2
20 at 9 (citing People v. Falsetta, 21 Cal. 4th 903, 916-17 (1999).  The Court of Appeal held that the
21 evidence was especially probative because of the similarity between the prior incident and the
22 charged offenses, and also held that evidence of the prior incident was not unduly prejudicial
23 because it likely had occurred.  Id. at 11.

24       Respondent opposes Petitioner's claim for relief on this ground, arguing that the Court of
25 Appeal relied exclusively on the California Supreme Court's ruling in People v. Falsetta to decide
26 Petitioner's claim.  Dkt. No. 7-2 at 24.  Respondent contends that, under AEDPA, Petitioner is
27 precluded from federal habeas relief on this claim because the United States Supreme Court has not
28 clearly established federal law on the constitutionality of propensity evidence.  Id.  Respondent

1 urges the application of a broad standard for Petitioner's claim of a due process violation, one that
2 places the burden on Petitioner to show that the trial court's decision to admit the prior act evidence
3 was so arbitrary or prejudicial that it rendered Petitioner's trial fundamentally unfair. Id. at 24-25.
4 Respondent argues that the trial court properly weighed the probity and prejudice of the prior act and
5 that the court's refusal to exclude the evidence did not render Petitioner's trial fundamentally unfair.
6 Id. at 26-27.

7 In Estelle v. McGuire, the United States Supreme Court "express[ed] no opinion on whether
8 a state law would violate the Due Process Clause if it permitted the use of 'prior' crimes evidence to
9 show propensity to commit a charged crime." 502 U.S. 62, 75 n.5 (1991). The Ninth Circuit has
10 stated that "the Supreme Court has never expressly held that it violates due process to admit other
11 crimes evidence for the purpose of showing conduct in conformity therewith," Garceau v.
12 Woodford, 275 F. 3d 769, 774 (9th Cir. 2001), reversed on other grounds by 538 U.S. 202 (2003).
13 Petitioner must demonstrate a violation of federal law, because he is not entitled to federal habeas
14 corpus relief for alleged errors of California state law. Estelle v. McGuire, 502 U.S. at 67.

15 California Evidence Code section 1108 was modeled on Federal Rule of Evidence 413,
16 which makes evidence of a defendant's past sexual offense admissible in cases where sexual assault
17 is charged. People v. Falsetta, 21 Cal. 4th 903, 912 (1999). By analogy, Federal Rule of Evidence
18 414 permits "evidence of the defendant's commission of another offense or offenses of child
19 molestation" in "a criminal case in which the defendant is accused of an offense of child
20 molestation." Fed R. Evidence 414. The constitutionality of that rule has been upheld by the Ninth
21 Circuit. See, United States v. LeMay, 260 F.3d 1018 (2001), cert. denied, 534 U.S. 1166 (2002).

22 Petitioner fails to demonstrate that the Court of Appeal's affirmance of the trial court's
23 admission of evidence of his prior sexual misconduct was contrary to clearly-established federal
24 law.

25 **C. Petitioner's Challenge to His Sentence Under Blakely**

26 Under Ground Three of his Petition, Petitioner alleges that his sentence upon conviction was
27 issued in violation of his federal Sixth Amendment right to a jury trial. Dkt. No. 1 at 8. Petitioner
28 claims that the trial court sentenced him to an upper term, as well as to consecutive terms, contrary

to the United States Supreme Court's decision in Blakely v. Washington, 542 U.S. 296 (2004). Petitioner further alleges that this error was prejudicial rather than harmless and Petitioner requests that his sentence be vacated accordingly. Id.

Respondent argues in opposition to Petitioner's claim, that at the time of Petitioner's direct appeal the Court of Appeal applied the California Supreme Court's holding in People v. Black, 25 Cal. 4th 1238 (2005). Dkt. No. 7-2 at 30-34. Respondent contends that a new rule was created by the United States Supreme Court's subsequent decision in Cunningham v. California, 549 U.S. 270 (2007), and retroactive application of that new rule would violate the doctrine established by the United State Supreme Court in Teague v. Lane, 489 U.S. 288 (1989), that a habeas petitioner may not benefit from a rule that was adopted after the petitioner's conviction became final. Respondent argues that if Cunningham v. California is given retroactive effect, then the Court should find that Petitioner's claim for relief is unexhausted because the state courts would have viewed Petitioner's claim differently in light of that decision. Dkt. No. 7-2 at 34-35. Finally, Respondent presents an alternative argument that the Court Appeal's rejection of Petitioner's claim was not contrary to clearly-established federal law, or was at worst a harmless error. Id. at 36-37.

After the trial judge charged the jury in Petitioner's case, and while the jury was deliberating, Petitioner was asked if he would prefer to have the jury determine the truth of whether or not he had been previously convicted of serious felonies. Lodgment 7 at 370-75. Petitioner was informed of his right to have a jury make that determination, and Petitioner made a knowing and intelligent waiver of this right. Id. at 371-72. Petitioner proceeded to admit that he had been previously convicted of three prior serious felonies in Oklahoma County, Oklahoma in 1971; and that he had been previously convicted of one prior serious felony in Siskiyou County, California in 1981; as well as a prior serious felony conviction in Ventura County, California in 1984. Id. at 373-74. The court entered a finding that Petitioner had five prior serious felony convictions within the meaning of California's recidivist sentencing statute, commonly called "the three strikes law."

The jury returned a verdict of guilty as to four counts of committing a lewd act upon a child, for Petitioner's conduct on October 12 and 13, 2002. Id. at 376-77.

Petitioner's sentencing hearing was held on July 19, 2004. Id. at 392. The court heard arguments from the prosecution and the defense regarding dismissal of Petitioner's prior felony convictions. Id. at 399-401. Afterwards, the court elected to dismiss four of Petitioner's prior convictions - those from Oklahoma County, Oklahoma and Siskiyou County, California - so only one prior conviction remained for consideration of Petitioner's sentencing pursuant to California's recidivist sentencing statute. The court stated the reasons for these dismissals. Id. at 401. In addition to finding that a significant amount of time had passed since the prior convictions, the court stated that "the Court has adequate sentencing parameters with which to punish the Defendant with one strike in that he is at the present time fifty-two years of age." Id. The court proceeded to give further rationale for the dismissal of the prior convictions and repeated "I firmly believe that the Court has adequate sentencing parameters as a one-strike defendant given [Petitioner's] age." Id. at 402.

In light of the court's ruling on the prior convictions, the prosecution and defense attorneys next argued for imposition of the lower or upper term sentences which are available to sentencing courts under California's determinate sentencing laws. The court then set forth the rationale for the sentence imposed on Petitioner, stating again that "the Court believes that a determinate sentence as a 'one-striker' is appropriate." Id. at 407. Petitioner was sentenced to the upper term of eight years for his conviction of the first count of committing a lewd act upon a child, and that term was doubled as a result of Petitioner's prior felony conviction. The court imposed consecutive two-year sentences for each of the other counts, and under California law added additional years to Petitioner's sentence based on the prior felony convictions. Petitioner's total sentence was set at forty-three years. Id. at 409.

**1. Applicability of Blakely**

The United States Supreme Court's decision in Apprendi v. New Jersey held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. 466, 490 (2000). In Blakely v. Washington, that holding was applied by the Supreme Court to Washington State's sentencing procedure, and the imposition by a judge of a sentence

beyond the statutory maximum was found to be violative of the Sixth Amendment. 542 U.S. 296 (2004). In Cunningham v. California, California's determinate sentencing laws ("DSL") were found by the Supreme Court to similarly violate a defendant's Sixth Amendment right to a trial by jury. 127 S. Ct. 856 (2007). The court held that "the middle term specified in California's statutes, not the upper term, [is] the relevant statutory maximum. Because the DSL authorizes the judge, not the jury, to find the facts permitting an upper term sentence, the system cannot withstand measurement against our Sixth Amendment precedent." Id. at 871.

Respondent cites Teague v. Lane, 489 U.S. 288 (1989), to argue that the rule announced in Cunningham cannot be applied retroactively to the sentence imposed in Petitioner's case. There is a three-step analysis for applying the Teague doctrine. First, a court reviewing a petition for habeas corpus relief must ascertain the date on which the petitioner's conviction and sentence became final. Second, the court must ascertain the legal landscape when the conviction became final and determine whether a state court would have felt compelled by existing precedent at that time to conclude that the petitioner's claim was controlled by the Constitution. Third, the court must decide whether the Constitutional rule relied upon by the petitioner falls within an exception to the non-retroactivity principle. See Caspari v. Bohlen, 510 U.S. 383, 390 (1994).

On June 9, 2008, after Respondent's Answer was filed with this Court, the Ninth Circuit held that Cunningham "did not announce a new rule of constitutional law and may be applied retroactively on collateral review." Butler v. Curry, 528 F.3d 624, 639 (9th Cir. 2008). The Ninth Circuit found that prior to Cunningham, clearly established law had already held that "a sentencing scheme in which the maximum possible sentencing is based on facts found by a judge is not consistent with the Sixth Amendment." Id. at 635 (citing Apprendi, 530 U.S. 466; Blakely, 542 U.S. 296; United States v. Booker, 543 U.S. 220 (2005)). The application of this rule to California's sentencing laws in Cunningham did not create new law. Butler, 528 F.3d at 639.

At Petitioner's sentencing, the trial judge stated the factors which he relied on in imposing an upper term sentence on Petitioner for the first count of his conviction. The transcript reads:

> The Court specifically elects to use the upper, aggravated term for the following reasons: (1) The Defendant violated the trust and love of a minor child. It was egregious. It was calculated.

> (2) While he's not been previously convicted of any sexual offenses, there was evidence before the court of prior contacts with another family member at the same age. While given the opportunity while in prison as a result of revocation for that conduct to reflect upon the conduct, the Defendant rather repeats it.
> Within the context of this family he is an extreme danger.
> For all those reasons, the Court sets the term of eight years. . .

Lodgment 7 at 407-08.

Eight years is the upper term sentence for a violation of California Penal Code § 288(a), the first count of Petitioner's conviction. On direct appeal, the Court of Appeal rejected Petitioner's claim that his sentencing violated Blakely. Lodgment 2 at 12. The reason provided by the Court of Appeal was that it was bound by the California Supreme Court's opinion in People v. Black, 35 Cal. 4th 1238 (2005). Id.

In Butler v. Curry, the Ninth Circuit was similarly faced with a state court application of the California Supreme Court's opinion in People v. Black. The Ninth Circuit held that:

> "the 'statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." Blakely, 542 U.S. at 303. Rather than applying this bright-line rule, Black I applied a "traditional judicial factfinding" rule inconsistent with Supreme Court precedent. Its decision was therefore "contrary to" the clearly established law of the Supreme Court, and the requirements of AEDPA are met. See Price v. Vincent, 538 U.S. 634, 640 (2003).

Butler, 528 F.3d at 641.

The Court of Appeal's rejection of Petitioner's claim that his sentence was imposed in violation of the Sixth Amendment, was contrary to clearly-established federal law. However, this Court's inquiry continues, to determine *de novo* whether Petitioner's sentence violated the Sixth Amendment. Id. at 6455.

None of the facts relied upon by the trial court in imposing the upper term sentence were facts found by the jury. The prior conduct referred to by the court was deemed admissible under California Evidence Code § 1108 and was introduced through witness testimony, but Petitioner's alleged commission of this prior act was not a fact found by the jury. The prior conduct had previously resulted in a parole violation, rather than a prior conviction. Therefore, no jury has ever found that Petitioner engaged in the conduct which was used to impose the upper term sentence. The facts that Petitioner's crime was egregious, calculated and violated the trust and love of a minor

child, were all found by the judge rather than the jury. So too was the fact that Petitioner posed a continuing threat to the family of his victim.

All of these factors increased the penalty for Petitioner's conviction beyond the term prescribed by statute, therefore it was required that those facts be submitted to a jury and proved beyond a reasonable doubt. These facts were not submitted to a jury, and Petitioner's sentence for count one of his conviction was imposed in violation of the Sixth Amendment. However, Petitioner is only entitled to relief for this violation if the sentencing error in his case was not harmless.

**2. Harmless Error Analysis**

The United States Supreme Court holds that sentencing errors are not "structural errors," and are therefore subject to harmless-error analysis. Washington v. Recuenco, 548 U.S. 212, 222 (2006). Therefore, a petitioner seeking federal habeas relief for a claimed sentencing error must show that the error had a "substantial and injurious effect" on the sentence. Butler, 528 F.3d at 648 (citing Hoffman v. Arave, 236 F.3d 523, 540 (9th Cir. 2001). Habeas relief is granted only when a federal court is in "grave doubt" about whether an error of federal law had a substantial and injurious effect on the outcome. O'Neal v. McAninch, 513 U.S. 432, 436 (1995)).

In the recent Butler decision, the Ninth Circuit reiterated that clearly established law holds that "[t]he fact of a prior conviction is the only fact that both increases a penalty beyond the statutory maximum and can be found by a sentencing court." Butler, 528 F.3d at 645 (quoting United States v. Covian Sandoval, 462 F.3d 1090 (9th Cir. 2006)). Accordingly, a judge may impose an upper term based on a defendant's prior convictions, even if the prior convictions were not proven to the jury beyond a reasonable doubt. Apprendi, 530 U.S. at 490; see also, Butler, 528 F.3d at 643 (citing Almendarez-Torres v. United States, 523 U.S. 224, 247 (1998)).

Although Petitioner's sentence was imposed in violation of his federal Sixth Amendment rights because the factors relied upon to increase the penalty for Petitioner's crime were not submitted to a jury and proved beyond a reasonable doubt, this Court is not in "grave doubt" whether this error had a substantial and injurious effect on Petitioner's sentence. The transcript of Petitioner's sentencing hearing shows that the trial judge manipulated sentencing procedures to arrive at the result that was reached. Three times the court stated on the record that Petitioner's prior

felony convictions were dismissed from consideration because the Court had sufficient flexibility under the law to impose a considerable sentence without imposing a life sentence under California's "three-strikes" law. Lodgment 7 at 401, 402, and 407. Had the trial court been aware that the Apprendi, Blakely, and Cunningham decisions limited a court's ability to impose the upper term sentences of California's determinate sentencing laws, the court would have relied on Petitioner's prior convictions to impose an even greater sentence than the sentence imposed.

The violation of Petitioner's Sixth Amendment rights at sentencing were a benefit to Petitioner rather than an injury. The trial court stated the desire "to punish the Defendant with one strike in that he is at the present time fifty-two years of age," rather than impose the life sentence which would have been required if the court had considered Petitioner to have multiple prior felony convictions. The imposition of the upper term sentence for Petitioner's conviction of committing a lewd act upon a child was harmless error because the outcome which was reached by the court's imposition of this upper term was less injurious to Petitioner than if the court had relied on the constitutionally permissible enhancement that was made available to the court by Petitioner's admission to prior felony convictions. For this reason, the Court recommends denial of Petitioner's claim that his sentence to an upper term was in violation of his rights under the Sixth Amendment of the Constitution.

### 3. Consecutive Sentences

With respect to the imposition of consecutive sentences, the California Supreme Court has held that the United States Supreme Court's decision in Cunningham "does not call into question the conclusion we previously reached regarding consecutive sentences," which is that "imposition of [consecutive sentences] does not implicate a defendant's Sixth Amendment rights." People v. Black, 41 Cal.4th 799, 821-23 (2007). Under California law, a sentencing judge may impose consecutive sentences for crimes if "(1) The crimes and their objectives were predominantly independent of each other; (2) The crimes involved separate acts of violence or threats of violence; or (3) The crimes were committed at different times or separate places, rather than being committed so closely in time and place as to indicate a single period of aberrant behavior." Cal. Rules of Court, Rule 4.425(a).

At Petitioner's sentencing, the trial court found that the counts on which Petitioner was convicted "were separate incidences of molestation. There was an opportunity after each type of conduct to reflect. Rather than reflect, Mr. Cantrell proceeded. The Court specifically finds that counts two, three and four are all such separate incidents, justifying the imposition of consecutive sentencing." Lodgement 7 at 408.

Accepting the California Supreme Court's holding that the Cunningham decision did not implicate California's rules for the issuance of consecutive sentences, Petitioner's sentence was not contrary to clearly established federal law. The finding by the trial court, that the separate counts of committing a lewd act upon a child were predominantly independent of each other, was an appropriate finding to be made by the court under California law. Even if this finding by the judge, rather than by the jury, did violate Petitioner's Sixth Amendment rights, Petitioner's claim would fail under the harmless-error analysis provided above.

### IV. Conclusion

After thorough review of the record in this matter and based on the foregoing analysis, this Court recommends that the Petition for Writ of Habeas Corpus be DENIED. This Proposed Findings of Fact and Recommendation for Disposition of the undersigned Magistrate Judge is submitted to the United States District Judge assigned to this case, the Honorable Thomas J. Whelan, pursuant to the provisions of 28 U.S.C. § 636(b)(1) (2007) and Local Rule 72.1(d).

IT IS HEREBY ORDERED that **no later than August 8, 2008**, any party may file and serve written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

///
///
///
///
///
///
///

1       IT IS FURTHER ORDERED that any reply to the objections shall be filed and served **no later than ten days** after being served with the objections. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: July 4, 2008

*Louisa Porter*
LOUISA S PORTER
United States Magistrate Judge

cc:       The Honorable Thomas J. Whelan
          all parties