UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE DORSEY CANTRELL,<br><br>                            Petitioner,<br>  vs.<br><br>L.E. SCRIBNER, Warden,<br><br>                            Respondent. | CASE NO. 07-CV-354W (POR)<br><br>**ORDER DENYING APPLICATION FOR CERTIFICATE OF APPEALABILITY**<br>**(Doc No. 30.)** |

       On February 22, 2007, Petitioner Willie Dorsey Cantrell ("Cantrell" or "Petitioner"), a state prisoner proceeding *pro se*, commenced habeas corpus proceedings pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) On July 7, 2008, United States Magistrate Judge Louisa S. Porter issued a Report and Recommendation ("Report") recommending that the Court deny Petitioner's habeas request on the merits. (Doc. No. 12.) On October 21, 2008, Petitioner filed Objections to the Report ("Objection"). (Doc. No. 16.) On January 14, 2009, the Court denied Petitioner's habeas petition in its entirety. (Doc. No. 17.)

       Pending before the Court is Petitioner's Application for Certificate of Appealability ("COA"). (Doc. No. 20.) The Court decides the matter on the papers submitted and without oral argument. See S.D. Cal. Civ. R. 7.1.(d.1). For the reasons discussed below, the Court **DENIES** Petitioner's Application.

## I.   BACKGROUND

On April 28, 2004, following a jury trial, Petitioner was found guilty in San Diego Superior Court of four counts of committing a lewd act upon a child in violation of California Penal Code section 288(a). (*Lodgment 1* at 214-217).

The jury had not heard the proposed expert testimony of Dr. Thomas Lee regarding how a child's testimony can be influenced by adults. The jury had, however, heard evidence that Petitioner had sexually abused another child with whom he had previously lived. (*Lodgment 7* at 260-269).

At sentencing, Petitioner admitted to five prior serious felony convictions. The trial court struck four of the Petitioner's prior convictions. (*Lodgment 7 vol. 2* at 401). Accordingly, only one prior conviction remained for consideration in Petitioner's sentencing pursuant to California's recidivist sentencing statute. To justify striking the priors, the trial court cited the "washout period" during which Petitioner remained a law abiding citizen. Id. Moreover, the trial court emphasized that the priors were too attenuated in time for consideration because they all occurred more than twenty years before Petitioner perpetrated the present offense. Id. In sum, the trial court reasoned that treatment under the Three Strikes law would be disproportionate to the nature of the case and that he had "adequate sentencing parameters within which to punish" a one-strike defendant. Id. At the time of sentencing, Petitioner was 52 years old. Id.

Petitioner was then sentenced to 43 years in prison. (*Lodgment 7 Vol. 2* at 371–411). The sentence included the upper-term sentence of eight years for count one, justified by the finding of two aggravating factors, and one-third the middle term sentence of six years on counts two, three, and four, all which doubled as a result of the one remaining strike. Id. Additionally, the trial court had found that counts two, three and four were separate incidents between which Petitioner had time to reflect upon his actions, and as such, imposed consecutive sentences. (*Lodgment 7 vol. 2* at 408). The trial court then, under California law, imposed an additional fifteen years to account for the serious felony priors. Id.

On February 22, 2007, following the exhaustion of his direct appeal in the state courts of California, Petitioner commenced habeas corpus proceedings. (Doc. No. 1.) On January 14, 2009, the Court adopted the Magistrate Judge's Report and denied Petitioner's habeas petition on the merits. (Doc. No. 17.) Petitioner now moves for a COA. (Doc. No. 20.)

## II. LEGAL STANDARD

Under the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"), a state prisoner may not appeal the denial of a section 2254 habeas petition unless he obtains a COA from a district or circuit judge. 28 U.S.C. § 2253 (c)(1)(A); see also United States v. Asrar, 116 F.3d 1268, 1269-70 (9th Cir. 1997) (holding that district courts retain authority to issue COAs under the AEDPA).

In deciding whether to grant a COA, a court must either indicate the specific issues supporting a certificate or state reasons why a certificate is not warranted. Asrar, 116 F.3d at 1270. A court may issue a COA only if the applicant has made a "substantial showing" of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court has elaborated on the meaning of this requirement:

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy section 2253(c) is straightforward: *The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.*

Slack v. McDaniel, 529 U.S. 473, 484 (2000) (emphasis added).

## III. DISCUSSION

Petitioner argues that three issues warrant issuing a COA in this case: (1) whether Petitioner's federal right to due process was violated when the trial court did not allow him to present expert opinion testimony of the unreliability of children's

testimony; (2) whether Petitioner was convicted in violation of his federal right to due process when propensity evidence was presented to the jury; and (3) whether the imposition of the upper term in Petitioner's sentencing was unconstitutional.[1] (*Petitioner's COA Application* at 4–6.)  The Court will consider each issue in turn and concludes that Petitioner has not made a substantial showing of a denial of any constitutional right.

### A.    The Trial Court's Exclusion of Petitioner's Proposed Expert

Petitioner contends that the trial court "refused to let [him] present a defense." (*Appl.* 4–6.)  Specifically, he claims that the trial court abused its discretion when it refused to allow the expert testimony of Dr. Thomas Lee regarding how a child's testimony can be influenced by adults.  Petitioner alleges that this refusal was a violation of his federal right to due process and that this Court erred by not granting an evidentiary hearing in that regard. (*Appl.* 4.)

In support of this contention, Petitioner cites comments made by his attorney during the argument before the trial court regarding Dr. Lee's exclusion. (*Appl.* 6.)  He also attempts to take what he believes to be a secondary position by suggesting that even if Dr. Lee can not be allowed as an expert, he should be allowed to testify in regards to a "contamination and suggestibility defense." (*Id.*)  However, Dr. Lee's proposed expert testimony was *about* contamination and suggestibility.  Thus, while articulated in the Application somewhat uniquely, the fundamental legal issue is identical to the due process argument presented in his Petition and Objection; Petitioner is simply challenging Dr. Lee's exclusion.

---

[1] Petitioner actually claims the District Court erred by not granting an evidentiary hearing in regards to each of the three issues presented. (*Appl.* 2.)  As an introduction, the Court has narrowed the claims to the fundamental legal issues presented. However, the Court will, in the body of the Discussion, address each claim in its entirety, as presented.

And as this Court previously explained, the Ninth Circuit employs "a balancing test for determining whether the exclusion of the testimony violates due process." Arredondo v. Ortiz, 365 F.3d 778, 785 (9th Cir. 2004). "In weighing the importance of evidence offered by a defendant against the state's interest in exclusion, the court should consider the probative value of the evidence on the central issue; its reliability; whether it is capable of evaluation by the trier of fact; whether it is the sole evidence on the issue or merely cumulative; and whether it constitutes a major part of the attempted defense." Miller v. Stagner, 757 F.2d 988, 994 (9th Cir. 1985). Moreover, the court "must give due weight to the substantial state interest in preserving orderly trials, in judicial efficiency, and in excluding unreliable or prejudicial evidence." Id. at 995.

In the instant case, the trial court and the California Court of Appeal previously concluded that the proffered testimony lacked proper foundation and was therefore "speculative and irrelevant to the evidence at trial." (*Lodgment 2* at 6–8.) Under the Ninth Circuit standard, this Court concluded in the denial of the Petition that the exclusion of the testimony did not violate due process. (Doc. No. 17 at 5.) That conclusion was the result of considering the evidence's probative value, reliability, and whether the evidence could be appropriately evaluated by the trier of fact. (Id.) This Court's conclusion was then bolstered by the due weight that is to be afforded to the state interest in excluding unreliable or prejudicial evidence. Miller, 757 F.2d at 995.

As such, the Court rejects Petitioner's contention that the trial court "refused to let [him] present a defense." (*Appl.* 4–6.) Rather, the trial court excluded one possible witness that was deemed speculative and irrelevant. Moreover, when viewed in the light of the relevant standard of review, Petitioner has not made a substantial showing that reasonable jurists would find the Court's assessment of the constitutional claims debatable or wrong. See Slack, 529 U.S. at 484. Accordingly, the Court **DENIES** Petitioner's request for a COA on his first issue.

### B. The Trial Court's Admission of Propensity Evidence

Petitioner also asserts that the trial court improperly admitted propensity evidence. (*Appl.* 6–8.) Specifically, the jury heard testimony from a woman who had accused Petitioner of a similar molestation during her childhood. (*Lodgment 7* at 260–68). Petitioner alleges that the admission of this testimony was a violation of his federal right to due process and that this Court erred by not granting an evidentiary hearing in that regard. (*Appl.* 6–7.)

To support his contention, Petitioner now seems to argue that the admission of the propensity evidence was unconstitutional because it had only been used in a parole-revocation and had not been individually investigated, charged, or proven beyond a reasonable doubt. (*Appl.* 7–8.) However, nothing in California Evidence Code section 1108 ("Section 1108"), pursuant to which the propensity evidence was admitted, requires the prerequisites proposed by Petitioner. Less stringently, as this Court previously explained, Section 1108 simply makes evidence of a defendant's past sexual offenses admissible in cases where sexual assault is charged. And Federal Rule of Evidence 413, on which Section 1108 was modeled, has been held constitutional by the Ninth Circuit. See United States v. Lemay, 260 F.3d 1018 (2001).

Given the state of the law within the Ninth Circuit—this issue simply does not involve any close legal questions on which reasonable jurists could disagree. Accordingly, the Court **DENIES** Petitioner's request for a COA on his second issue.

### C. The Trial Court's Imposition of the Upper Term on Count One

Finally, Petitioner asserts that the trial court unconstitutionally imposed the upper term on Count One. (*Appl.* 8.) In his original habeas petition, Petitioner challenged the imposition of the upper term as a violation of his Sixth Amendment right to a jury trial. (Doc. No. 1 at 8.) And this Court actually found a constitutional violation under Cunningham v. California, 549 U.S. 270 (2007), but then deemed the error harmless. (Doc. No. 17 at 6–13.)

1    Petitioner does not challenge that analysis.  Instead, he objects to the imposition
2 of the upper term in a new way.  Citing People v. Chambers, 7 Cal.3d 666 (1972),
3 Petitioner now requests to withdraw his admission of the prior conviction that was used
4 as a strike pursuant to California's recidivist sentencing statute. (*Appl.* 9.)  Petitioner is
5 mistaken about this Court's jurisdiction in regards to habeas corpus.  This Court does
6 have the authority to find federal constitutional violations and command relief in those
7 situations.  However, this Court does *not* have the jurisdiction to reach back into the
8 California criminal courts and revoke the Petitioner's valid admission to a prior
9 conviction only because he now says it was not true.  Moreover, in citing California
10 Supreme Court precedent in his request to have the Court do just that, Petitioner has
11 effectively conceded that his request can not be construed as a federal constitutional
12 claim.  And as such, Petitioner has not made a substantial showing that reasonable
13 jurists would find the Court's assessment of any constitutional claims debatable or
14 wrong. See Slack, 529 U.S. at 484.  Accordingly, the Court **DENIES** Petitioner's request
15 for a COA on his third and final issue.

17 **IV.   CONCLUSION AND ORDER**
18    Petitioner's Application did not raise any novel questions of law from his habeas
19 petition which were close calls or issues on which reasonable jurists could disagree.  For
20 the foregoing reasons, the Court **DENIES** Petitioner's request for a Certificate of
21 Appealability.

23    **IT IS SO ORDERED**

25 DATED: March 6, 2009

27                                         _____
                                            Hon. Thomas J. Whelan
28                                         United States District Judge